**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-6061**

LARRY JAMES TYLER,

        Plaintiff - Appellant,

    v.

SOUTH CAROLINA; ATTORNEY GENERAL ALAN MCCRORY WILSON, SR; APPELLATE COUNSEL VICTOR ROSS SEEGER; POLICE OFFICER ERIC HODGES; ATTORNEY RICHARD JONES; MEGAN HARRIGAN JAMESON; ATTORNEY JOHNNY ELLIS JAMES, JR.,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence. Mary G. Lewis, District Judge. (4:25-cv-06114-MGL-MHC)

Submitted: June 18, 2026                     Decided: June 24, 2026

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Larry James Tyler, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry James Tyler seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying Tyler's motion for a preliminary injunction and/or a temporary restraining order. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on October 8, 2025, and the appeal period expired on November 7, 2025. Tyler filed the notice of appeal on December 28, 2025.[*] Because Tyler failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date that Tyler, who was incarcerated, could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).